UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED PRO SE OFFICE
2019 DEC 16 PM 3: 54

NATANYA ABERRA
_____

Write the full name of each plaintiff.

18 CV 1138
(Include case number if one has been assigned)

-against-

CITY OF NEW YORK

P.O. DIANA FIORENCIANI

P.O. JOHN DOE (SERGEANT) 1

SEE ATTACHED

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

## COMPLAINT

Do you want a jury trial?
☑ Yes   ☐ No

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☑ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

42 U.S.C Section 1983

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff, _____ , is a citizen of the State of
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, __All DEFENDANTS__, is a citizen of the State of
(Defendant's name)

__NEW YORK__
or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

__NATANYA__        __I.__        __ABERRA__
First Name         Middle Initial    Last Name

__2075 3rd Ave__
Street Address

__New York City__        __New York State__    __10029__
County, City              State              Zip Code

__646 345 1745__         __Natanya_aberra@yahoo.com__
Telephone Number         Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: DIANA FIORENCIANA
First Name / Last Name

Police Officer (28th Precinct 2271-89 Fredrik BLVD)
Current Job Title (or other identifying information)

New York City Police Department 28th Precinct
Current Work Address (or other address where defendant may be served)

N.Y. / N.Y. / 10027
County, City / State / Zip Code

Defendant 2: John Doe
First Name / Last Name

Police Officer (Sergeant) 1
Current Job Title (or other identifying information)

2271-89 Fredrick Blvd
Current Work Address (or other address where defendant may be served)

N.Y. N.Y. / 10027
County, City / State / Zip Code

Defendant 3: John Doe
First Name / Last Name

Police Officer, 2
Current Job Title (or other identifying information)

2271-89 Frederick Blvd
Current Work Address (or other address where defendant may be served)

N.Y. N.Y. / 10027
County, City / State / Zip Code

Defendant 4: **John Doe**
First Name / Last Name

**Police Officer 3**
Current Job Title (or other identifying information)

**NYPD, 28th Precinct (2271-89 Frederick Blv)**
Current Work Address (or other address where defendant may be served)

**N.Y. N.Y., 10027**
County, City / State / Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: **55 West 125 St N.Y. NY. 10027**

Date(s) of occurrence: **March 09 / 2016**

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

**SEE ATTACHED**

Page 5

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

PLEASE SEE ATTACHED

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

PLEASE ATTACHED

Page 6

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

DEC 27/2019
Dated

Plaintiff's Signature

NATANYA   I.   ABERRA
First Name    Middle Initial    Last Name

2075 3rd Ave
Street Address

New York        NEW YORK        10029
County, City    State           Zip Code

646.345.1745                    natanya_aberra@yahoo.com
Telephone Number                Email Address (if available)

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes  ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
..................................................X

NATANYA ABERRA
Plaintiff

Against-

CITY OF NEW YORK AND POLICE OFFICERS

P.O. DIANA FLORENCIANI
P.O. JOHN DOE (SERGEANT) 1
P.O. JOHN DOE, 2
P.O. JOHN DOE, 3

Defendants
..................................................X

RECEIVED
SDNY PRO SE OFFICE
2019 DEC 16 PM 3:54

AMENDED VERIFIED COMPLAINT

CIVIL ACTION 18-CV-1138

THE PLAINTIFF NATANYA ABERRA AS AND FOR HIS CAUSE OF ACTION FOR FALSE ARREST AND FALSE IMPRISONMENT AGAINTS POLICE OFFICERS DIANA FLORENCIANI AND POLICE OFFICER SERGEANT. JOHN DOE 1, POLICE OFFICER JOHN DOE 2 AND POLICE OFFICER JOHN DOE 3 AND THE CITY OF NEW YORK ALLEGES AS FOLLOWS:

1) That the venue exist in this Honorable Court in that this Judicial District in which the events that gave rise to this cause of action.
2) That at all times mentioned herein the City of New York was a duly authorized Municipal Corporation under and pursuant to the laws of the State of New York.
3) That at all times mentioned herein the City of New York employed its own law enforcement professionals known as the New York City Police Department (N.Y.P.D.)
4) That at all times mentioned herein Police Officer Diana Florenciana, Sgt. John Doe 1, John Doe 2, and John Doe 3 the police officers were all duly employed as full time police officers by the New York City Police Department.
5) That this Honorable Court has jurisdiction of this Cause of Action pursuant to Title 28, Sections 1331 and 1343 of the United States Code.
6) That within ninety days of the date in which this cause was of action arose corporation council for the City of New York was served with a notice of claim setting forth the name and address of the claimant, the nature of the claim, the time and manner it took place and the damages and injuries.
7) That thereafter, the corporation council was served with and amended notice of claim setting forth additional damages and injuries that had not been known when the initial notice of the claim was served on the cooperation council for the City of New York.
8) That the City of New York retained the law firm of Cavetti, Weinberg and Nicholson to conduct a lengthy and invasive 50-H comptrollers hearing concerning all the information contained in the initial and or amended notice of claims served on the corporation all the council for the City of New York.

DESCRIPITON OF ARREST

9) That for nearly seven years prior to this date of the cause of action the Plaintiff had served under Captain Thomas O'Brien, M.D. with distinction and honor for seven years.
10) That in addition to being the Plaintiff's treating physician prior to the date this cause of action arose Captain Thomas O'Brian, M.D. was the Commanding Officer in Charge (C.O.I.C.) of the 102nd Forward Medical Support Detachment (F.M.S.D.) and as such had the responsibility to maintain the health and wellbeing of his troops which the Plaintiff was and continues to be.
11) That on March 09, 2016 at approximately 12:30 PM the Plaintiff was lawfully on the ninth floor of the Grant Associates employment agency located at 55 West 125th Street New York, N.Y.
12) That soon after the Plaintiff entered into the establishment of Grant Associates, he was repeatedly harassed by their employees without provocation whatsoever on his part and accused of falsehoods of a sexual nature.
13) That due to the continued harassment and falsehoods directed at the Plaintiff by employees of Grant Associates, the Plaintiff made a call to the 911 call center to ask for police assistance to come to the ninth floor of 55 West 125th Street where Grant Associates are located to mitigate the harassment and stop the employees from harassing, creating loshon hora ("evil speech") him and accusing him of falsehoods. And during that call 911 call he told the dispatcher that he had accidentally came in contact with her flowing her erupt stop while walking down a crowded hallway with a women who was also on the ninth floor and in the Grant Associates establishment. However, he has apologized to her immediately thereafter.
14) That when Police Officer Diana Florenciani and <u>additional</u> police officers Sgt. John Doe 1 (the actual arresting police officer) police officer John Doe 2, police officer John Doe 3 all chose to not to speak to the Plaintiff and ignored the Plaintiff entirely due to the interception of the staff members which the responding police officers permitted to dissuade them. That Police Officer Diana Florenciani, and her fellow police officers, Sgt. John Doe 1 (the actual arresting officer). Police officer John Doe, 2 and police officer John Doe, 3 refused to take into account or consideration and acknowledge the Plaintiff's registered complaint with the 911 Call Center.
15) That the ninth floor of 55 125th Street are Grant Associates are located employed video surveillance and made accessible a video camera that was filming these events on the ninth floor during the time period the Plaintiff was on the ninth floor and that Police Officer Diana Florenciani, and Sgt. John Doe (the actual arresting police officer) 1, police officer John Doe 2, and police officer John Doe, 3 <u>all</u> viewed the entire video film which clearly showed that the Plaintiff was <u>not</u> behind her.
16) That a thorough competent and complete professional assessment or investigation of the matter would only have warranted at the very least an inquiry by Police Officer Diana Florenciani and the other three police officers namely Polices Officer John Doe (Sergeant) 1. Police officer John Doe 2, and Police Officer John Doe 3 that were deployed to the scene would question the Plaintiff but rather willfully and maliciously chose not to but instead falsely arrested him and carted the Plaintiff off in handcuffs and then falsely imprisoned the Plaintiff in the local precinct for eight hours where he was finger printed, and mug shots were taken and thereafter taken to the "Tombs" where he was arraigned about eighteen hours later in direct violation of his protections, privileges and civil rights that were guaranteed to the Plaintiff under the Constitution of the United States of America thereby
17) depriving the Plaintiff of the presumption of innocence.

18) That in spite of the video recording and the Plaintiff's 911 call to the Dispatch Call Center the Plaintiff was charged with "unlawful sexual contact a Class A misdemeanor" under the New York Penal Law which is defined as any touching of the sexual or other intimate parts of a person for the purpose of gratifying sexual desire of ether party including the touching of the actor by the victim whether directly or through clothing as well as the emission of ejaculation by the actor upon any part of the victim upon any part of the victim which the video clearly did not show.
19) That the Plaintiff pleaded "not guilty" at his arraignment and fervently denies any sexual contact with the women on the ninth floor and was released in his own recognizance. He was thereafter required to make additional appearances on September 13, 2016, November 03, 2016, and lastly December 20, 2016, where a presiding justice reviewed the video tape recording that the arresting police officer and the other three police officers on the scene had access to and had seen prior to his arrest and promptly dismissed the charge with prejudice based solely on the 911 call and the video recording.
20) That arresting police officer Sergeant John Doe 1 and the other police officers including Police Officer Diana Florenciani and Police Officer John Doe 2 and Police Officer John Doe 3 were carless and flagrantly negligent in failing and or ignoring what the Plaintiff who had tried to offer his registered complaints on the 911 call and generally and more specifically that in the discounting of his attempts to be heard overlooked what was obvious to see on the video recording which would have nullified any "reasonable probable cause" and or the basis for the Plaintiff's subsequent arrest thereby providing a meritorious claim for false arrest and imprisonment.
21) That the City of New York and it's police department was negligent and carless in failing to tell Police Officer Diana Florenciani and the other three police officers the concerns of the Plaintiff and what was said on the 911 call recording.
22) That putting aside the Plaintiff's 911 call and the video viewed by Police Officer Diana Florenciani and the other three police officers on the scene prior to the Plaintiff being arrested clearly showed that the Plaintiff had not committed a sexual assault thereby nullified the arrest.
23) That the City was careless and negligent in not instructing Police Officer Diana Florenciani and police Sergeant Police Officer John Doe 1, Police Officer John Doe 2, and Police Officer John Doe 3 and that when the unbiased video clearly showed no sexual assault was committed and that an arrest ought not to have been made.
24) That Police Officer Diana Floreniani and the other three police officers that participating in the wrongful arrest of the Plaintiff was negligent in the not knowing when an arrest is justified based on solid evidence, competent assessment and complete investigation of the 911 call placed by the Plaintiff rather than unreliable and biased third party testimonies. .
25) That the City of New York was negligent in failing to educated and instruct all four police officers on how to make a complete and competent police assessment and investigation of a potential crime BEFORE they make an arrest such as the one involving the Plaintiff.
26) That Police Officer Diana Florenciani and police officer Sgt. Police Officer John Doe 1, Police Officer John Doe 2, and John Doe 3 falsely arrested and imprisoned the Plaintiff as evidenced by the presiding justice of the criminal court found that based on the 911 call and the video recording there was nothing to base any charge on and rightly dismissed it with prejudice without holding a formal hearing or eliciting any testimony from the four police officers (Police Officer Diana Florenciani, Sergeant Police Officer John Doe 1, Police Officer John Doe 2 and Police Officer John Doe 3) that were involved in the wrongful arrest.
27) That once Police Officer Diana Florenciani and the other three police officers had all viewed the evidences namely the video recording by all four police officers had then become aware of the

nature of the situation and had the full discretion as to whether or not to affect an arrest the Plaintiff but, nevertheless all four police officers Police Officer Diana Florenciani, Police Officer John Does, (Sergeant) 1, Police Officer John Doe, 2 and Police Officer 3, made a willfully malicious and conscious decision the arrest the Plaintiff thereby abusing that discretion and the trust that had come with it.

## ALLEGATIONS OF DAMAGES

28) That the Plaintiff was a 57 years of age married serviceman who had been awarded two Good Conduct Medals, with a family at the time of his wrongful arrest and false imprisonment and prior to that had <u>never</u> been arrested, handcuffed, finger printed, had mug shots taken, locked in a jail cell, shackled and or to other people and herded into a poorly ventilated paddy wagon to the "Tombs" or arraigned prior to the Plaintiff's wrongful arrest and false imprisonment was consequently severely depressed, thoroughly humiliated, disgraced, shamed, embarrassed, violated, dishonored, debased and emotionally spent while the Plaintiff's case was pending and these emotions remain to this date even after the dismissal of the Plaintiff's wrongful and sexual assault charge.

29) That prior to his arrest the Plaintiff had a preexisting condition of asthma that was becoming more prominent. According to the Plaintiff's treating physician Captain Thomas O'Brian, M.D. he was asymptomatic at the time of his arrest, notwithstanding, the psychological impact of his wrongful arrest caused increased experiences of asthmatic episodes and transformed a previously asymptomatic condition to one that was highly symptomatic prompting the Plaintiff to check into St. Luke's Emergency Room for exacerbation of asthma prior to his the Plaintiff's case being dismissed on 09/04/2016. Even after the dismissal of the case the Plaintiff's asthmatic condition increased has was admitted to Mount Sinai Hospital and subsequent emergency room visits to the Lennox Hill Hospital thereof based on the professional assessment of Caption Thomas O'Brian. M.D.

30) That prior to the wrongful arrest of and imprisonment the Plaintiff had not experienced any emotional or psychiatric problems or issues. Notwithstanding, after the Plaintiff's wrongful arrest and imprisonment the Plaintiff has presented with symptoms of agitation, nervous/anxious, change in appetite, depressed mood, flashbacks, sleep disturbances, feelings of helplessness, loss of energy, difficulty with concentration. The initial diagnosis was "adjustment disorder with mixed anxiety and depressed mood (HCC) F32.1 and, post-traumatic stress disorder (P.T.S.D.) F43.10" Notwithstanding, the Plaintiff's updated diagnosis is "major depression with suicidal ideation" as per the Family Health Center of Harlem. Emotional stress and trauma to the Plaintiff began with the wrongful arrest that occurred and was perpetrated by the City of New York.

31) That due to his wrongful arrest the Plaintiff had been advised that even with his MPA in Emergency and Disaster Management and his practical engagement skills training and Certification in Emergency and Crisis Management from the Israeli Military Industries Academy (I.M.I.A.) from the State of Israel, Bene Barch the Plaintiff has been advised that he will <u>not</u> be able to obtain gainful employment in his chosen field due to his wrongful arrest.

32) That due to the nature of the allegations that were levied against the Plaintiff as a prior Foster parent he will never be able to engage again foster parenting activities or pursue the possibility adoption a child.

WHEREFORE THE PLAINTIFF NATANYA ABERRA DEMANDS EXPUNGEMENT OF ALL RECORDS AND A JUDGMENT IN THE SUM OF TWO POINT MILLION DOLLORS TO TWO POINT FIVE MILLION AND AS TO EACH CAUSE OF ACTION OF CONTAINED IN THIS AMENDED VERIFIED COMPLAINT.

DATED
September 17, 2019

Natanya Aberra
Plaintiff
2075 3rd Avenue
New York, N.Y. 10029
646.345.1745