UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NATANYA ABERRA,

                Plaintiff,

-against-                                      18-cv-1138 (LAK)

THE CITY OF NEW YORK, et ano.,

                Defendants.
------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This action under 42 U.S.C. § 1983 against the City of New York and an NYPD sergeant seeks relief for alleged false arrest and, as against the City, on a failure to train theory. Defendants moved to dismiss the second amended complaint pursuant to Rule 12(b)(6) or, in the alternative, for summary judgment dismissing the action. Magistrate Judge Sarah Cave filed a report and recommendation (the "R&R") that recommends the conversion of the motion to one for summary judgment and granting the motion for dismissal of the federal claims on the merits. It recommends also that I decline to exercise supplemental jurisdiction over any parallel state false arrest claim. Plaintiff, who is proceeding *pro se*, objects to the R&R.

*The Federal Claims*

        For the reasons set forth by Magistrate Judge Cave, there is no genuine issue of material fact. Defendants are entitled to summary judgment dismissing the federal claims on the merits.

        Plaintiff's objections to the R&R go on at some length about a supposed third video which, he claims, proves that he never came into contact with the complaining witness in the incident that led to his arrest. But these contentions are not a valid basis for concluding that the magistrate judge erred as a matter of fact or law.

        First, there is no "third video" in the record. Other than plaintiff's unsworn and unsubstantiated claims, no evidence that any such thing exists. As the magistrate judge recognized, plaintiff, although acting *pro se* by the time the summary judgment motion was made, was served with the appropriate notice making him fully aware of his obligations with respect to the submission

of evidence in response to the summary judgment motion. R&R at 8, 17. If he had any "third video" and thought it material to his case, he was obliged to submit and authenticate it. If he did not but thought someone else had it, he could have submitted an appropriate affidavit under Fed. R. Civ. P. 56(d) and sought discovery to obtain it. But he did neither.

Far more important, as Magistrate Judge Cave pointed out in the R&R, the question whether the plaintiff came into physical contact with the complaining witness and any video bearing on that question are entirely immaterial to whether there is any genuine issue of fact material to the false arrest claim. That turns on whether the arresting officer had probable cause. The record conclusively establishes the existence of probable cause regardless of physical contact. *See* R&R at 14-17, 19-24.

I have considered plaintiff's other arguments and concluded that they are without merit.

*The State Claim*

Against the possibility that plaintiff should be understood as asserting a state law false arrest claim in parallel with his Section 1983 claim, the R&R recommends that the court decline to exercise supplemental jurisdiction over any such claim and dismiss it without prejudice. With respect, I disagree.

This Court has invested substantial effort to this case up to this point. Moreover, as the R&R recognizes at pages 14-15, "[a] § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, . . . is substantially the same as a claim for false arrest under New York law." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (internal citations omitted); *Ali v. City of New York*, 11 Civ. 5469 (LAK), 2012 WL 3958154, at *1 (S.D.N.Y. Sept. 5, 2012) ("The standards governing claims of unconstitutional arrest under [§] 1983 are identical to those applicable to state law false arrest claims."). So no additional effort would be required to resolve any such case on its merits rather than dismissing it without prejudice and inviting a duplicative state court litigation that would be bound to reach the same result.

A federal court normally will exercise its discretion to decline to exercise supplemental jurisdiction over state claims once all jurisdiction-conferring federal claims are resolved, as is the case here. But such results are exercises of discretion, not applications of an iron-bound rule. In this case, declination of supplemental jurisdiction over any state law false arrest claim "would . . . further[] neither fairness nor judicial efficiency, nor [would adjudication of any state law false arrest claim] require [this] court to resolve any novel or unsettled issues of state law." *Mauro v. Southern New England Telecommunications, Inc.*, 208 F.3d 384, 388 (2d Cir. 2000); *see also Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014); *McCaul v. Ardsely Unioin Free Sch., Dist.*, 514 Fed. Appx. 1, 5-6 (2d Cir. 2013). Indeed, were any state law false arrest claim refiled in state court, the outcome necessarily would be the same as that already reached here with respect to the federal claim. Accordingly, I exercise my discretion to decide any state law

false arrest claim on the merits and grant summary judgment dismissing it.

*Conclusion*

The objections to the R&R are overruled. The motion to dismiss or for other relief (DI 98) is converted into a motion for summary judgment dismissing the case and summary judgment dismissing the case is granted on the merits and with prejudice. The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated: August 2, 2021

_____
Lewis A. Kaplan
United States District Judge